UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DONNY RAY MORENO,<br><br>　　　　Defendant. | Case No. 4:22-cr-00027-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Donny Moreno's Motion for a *Franks* Hearing and to Suppress. Dkt. 26. That Motion, as well as a memorandum in support and exhibits, was filed on September 18, 2022. *Id.* The Government requested an extension of time to respond (Dkt. 27), which the Court granted, upon good cause, on October 3, 2022 (Dkt. 28). The Government's response was filed on October 24, 2022. Dkt. 29. Moreno did not file a reply. After reviewing the briefing and the record, the Court finds that a *Franks* hearing is unwarranted. The Court also finds that the warrant was supported by probable cause, so the evidence seized should not be suppressed. For these reasons, as discussed below, the Court DENIES the Motion.

## II. BACKGROUND

In early January 2021, officers with the BADGES HIDTA Taskforce began investigating Defendant Donny Moreno for the distribution of controlled substances. On January 6, the police were surveilling a known drug trafficker, Danny Wallace, who parked

in front of Moreno's Pocatello residence at 1825 Sunrise Way.

That same day, police saw a silver Mazda 3 bearing Idaho license plate 1J98799 parked at Wallace's house. Officers had seen the same car parked in Moreno's driveway. Tori Hayes, who owned the car, had prior felony charges for possession of controlled substances. In February of 2021, police conducted surveillance of Moreno's residence and saw Moreno and Hayes get into the Mazda 3.

On March 19, 2021, police did a trash pull from Moreno's residence and found drug paraphernalia, including burnt foils and clear plastic baggies with what appeared to be heroin residue. Officers conducted a field test on the baggies that returned presumptively positive for opium.

On July 28, 2021, a confidential informant ("CI") told Detective Taylor Wade that Moreno had moved to 536 N 6th Ave. in Pocatello and was distributing drugs from his new residence. The CI also told officers that Moreno's cell phone was (208) 572-8389 and that Moreno used Hayes's Mazda 3 to make out-of-state trips to pick up drugs.

In August, the state issued an arrest warrant for Moreno for possession of controlled substances, and on August 31, the taskforce installed a pole camera on the roof of a building across the street from Moreno's new residence. From that time until Moreno's arrest, law enforcement surveilled Moreno's residence, where they observed multiple short-duration stops consistent with drug transactions. A National Guard analyst verified that the address was Moreno's and that the phone number the CI provided belonged to Moreno and was active.

On October 28, around 9:00 a.m., Detective Wade saw Moreno and Hayes leaving

the house in the Mazda 3. About thirty minutes later, police saw the Mazda 3 and a gray Nissan Sentra,[1] licensed in Utah, arrive back at Moreno's residence. Law enforcement followed the Nissan Sentra and saw both Moreno and Hayes getting in the vehicle to leave. The police continued to trail the Sentra. They saw Moreno stop at Tydeman Park in Pocatello, where Hayes got out of the car and placed a brown bag inside a green trash can. After Moreno and Hayes left, officers retrieved the bag and found drug paraphernalia inside.

From the park, officers saw Moreno driving the Nissan southbound out of Pocatello on Interstate 15 toward Utah. Officers surreptitiously followed Moreno along the interstate to the Utah border. At this time, the CI told Wade that Moreno was en route to Arizona to pick up dope.

In light of that tip, Detective Wade filed an affidavit seeking a search warrant to track the GPS location of Moreno's phone. The affidavit included thirteen paragraphs describing the facts supporting probable cause. In the only paragraph mentioning the CI, Wade told the state magistrate judge four things about the CI: (1) in July 2021, the CI told him that Moreno was distributing drugs out of 536 N. 6th Ave. in Pocatello; (2) the CI told him that Moreno's cell phone number was (208) 572-8389; (3) the CI told him that Moreno uses a silver Mazda 3 to take trips to Utah to pick up dope; and (4), on October 28, 2021, the CI told him that Moreno was en route to Arizona to pick up dope. Dkt. 26-2, at 4, ¶ 5.

---

[1] The Sentra was rented that morning by Joseph Howard. Howard had previously been seen at Moreno's residence several times, and law enforcement had also conducted a trash pull at Howard's residence and found heroin.

MEMORANDUM DECISION AND ORDER - 3

The magistrate judge reviewed the affidavit and issued the warrant. Police then tracked Moreno's location using the GPS data and saw that he made a short stop at a known drug trafficker's address in Arizona. When Moreno returned to Idaho a few days later, law enforcement located him through the GPS data. They approached him at a gas station in Downey, Idaho, and he fled for several miles before being arrested. A day later, the police executed a different search warrant on the Nissan and found drug paraphernalia and suspected fentanyl pills. After reviewing dashcam video, officers located Moreno's phone, more drugs, and other evidence linking Moreno to the drugs that were thrown out of the vehicle during the pursuit.

Moreno now argues that the police withheld information about the CI from the magistrate judge, which, if disclosed, would have undermined probable cause for the search warrant.

### III. LEGAL STANDARD

A *Franks* hearing determines "the validity of the affidavit underlying a search warrant." *United States v. Kleinman*, 880 F.3d 1020, 1038 (9th Cir. 2018). "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause." *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019) (cleaned up). Allegations of negligent or innocent mistakes do not suffice, nor do conclusory allegations of deliberately or recklessly false information. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Instead, adequate

allegations must come with an offer of proof. *Id.* at 154.

If the inclusion of the omitted facts would not have affected the probable cause determination, no *Franks* hearing is required. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000) (internal citation omitted). The determination of whether information provided by an informant establishes probable cause is based on the "totality of the circumstances." *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Probable cause for a search warrant exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). When a defendant makes a successful *Franks* challenge, "the search warrant must be voided and the fruits of the search excluded." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (cleaned up).

### III. DISCUSSION

Moreno argues that Detective Wade's affidavit contains intentionally or recklessly misleading material omissions. Dkt. 26, at 2. To support this assertion, Moreno lists eight facts:

(1) in July 2021, the CI allegedly told police that he could purchase heroin and fentanyl pills from Moreno but, ultimately, was not able to arrange and complete the transaction;
(2) the affidavit is void of any efforts officers took to verify the number that the CI told police was Moreno's;
(3) the CI was previously convicted of theft and providing false information to police officers;
(4) the CI was previously investigated for two counts of delivery of heroin but was not charged because he agreed to cooperate with the government;
(5) the CI was previously the subject of a search warrant that revealed the CI's possession of heroin, methamphetamine, and drug paraphernalia. The CI was not charged with these offenses because the CI agreed to cooperate with the government;

  (6) the CI rented a storage unit for a known drug dealer in the Pocatello area. Detectives seized methamphetamine from the storage unit, but the CI was not charged because he agreed to cooperate with the government;
  (7) the CI has a history of illegal drug use; and
  (8) the affidavit omitted any statement regarding the CI's past reliability.

Dkt. 26-1, at 2–3.

Moreno argues that if the affidavit had included these additional facts, which Wade allegedly intentionally or recklessly omitted, it would not have supported probable cause. And as such, all subsequent evidence obtained must be suppressed.

Upon thorough review, the Court finds that Moreno has not substantially shown that Wade intentionally or recklessly included false statements in the affidavit. Moreover, even if the omissions were included, the affidavit still would have sufficiently established probable clause. Moreno has thus not met his substantial preliminary showing that a *Franks* hearing is needed. The Court first considers whether Moreno has substantially shown that Wade intentionally or recklessly made false or misleading omissions in support of the warrant. It then considers whether the false or misleading omissions were material.

  **A. Substantial Preliminary Showing of Intentional or Reckless Omissions**

  At this stage, clear proof of deliberate or reckless omission is not required. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). But for a defendant to substantially show deliberate or reckless deceptive omissions, an offer of proof must be provided. *Franks*, 438 U.S. at 171. What's more, a defendant must substantially show that the affiant intentionally or recklessly omitted facts *to mislead* the magistrate. *See United States v. Whitworth*, 856 F. 2d 1268, 1280 (9th Cir. 1988). "What is needed is direct evidence of the affiant's state of mind or else circumstantial evidence of a subjective intent to deceive."

*United States v. Woodfork*, 999 F.3d 511, 518 (7th Cir. 2021); *accord United States v. Norris*, 942 F.3d 902, 910 (9th Cir. 2019).

Here, the only offer of proof accompanying Moreno's motion is Exhibit B, which contains a letter from the U.S. Attorney and a CI agreement. Dkt. 26-3. The Court now addresses if Moreno has substantially shown that Wade intentionally or recklessly omitted such information to mislead the magistrate.

Right out the gate, the Court finds that Moreno's first listed fact[2] is nowhere to be found in Exhibit B. Because he has not made an offer of proof, Moreno has failed to carry his burden and the Court need not consider this allegation further. Additionally, the Court will not exhaustively consider the second or eighth listed facts. As to Moreno's second alleged fact—that the affidavit fails to show the officers made any effort to verify the number that the CI attributed to Moreno—the Court finds that the relevant info was not omitted. Paragraph 13 of the affidavit states that a national guard intel analyst advised Wade that the number initially supplied by the CI belonged to Moreno and was active and current, which is sufficient verification.

Moreno's eighth alleged fact argues that officers omitted information about the CI's reliability from the affidavit. The Court finds that the affidavit contained indicia that the CI was reliable. The affiant declared that, based on the CI's tips, the police were able to independently set up continuous surveillance of Moreno's new residence, determine that Moreno used the silver Mazda 3 to deal drugs, and observe he was in fact leaving on

---

[2] CI told police that he could purchase illicit drugs from Moreno but, ultimately, was not able to arrange and complete the transaction.

MEMORANDUM DECISION AND ORDER - 7

October 28, in a manner consistent with a drug pickup. Each of these examples shows that the CI was reliable.

That said, Moreno is correct that the affidavit did not mention the CI's previous misdemeanor convictions, history of drug use, or the consideration he was receiving for cooperating, and the government concedes the same.

Moreno argues that the CI's ulterior motivation to save his or her own skin by providing information should have been clear to Detective Wade. Dkt. 26-1, at 6. Though there is no evidence that Wade intentionally omitted these facts, he might have recklessly omitted them. "Recklessness requires that the affiant have a high degree of awareness that the affiant's statement is probably false." *United States v. Taylor*, 2019 WL 3365838, at *4 (D. Nev. July 25, 2019) (citing *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1988), *report and recommendation adopted in part*, 2019 WL 5190880 (D. Nev. Oct. 15, 2019). "Law enforcement officers must ordinarily disclose information regarding whether an informant has ulterior motivations for providing information for a search warrant affidavit." *United States v. Martinez-Garcia*, 397 F.3d 1205, 1216 (9th Cir. 2005). In *Martinez-Garcia*, the Ninth Circuit found that the record reflected a substantial preliminary showing that the officer knowingly omitted from the affidavit information related to incentives provided to the informant, and that evidence was uncontroverted. *Id.* Here, however, the Court cannot say the same.

The affidavit does not mention the CI's previous misdemeanor convictions, history of drug use, or the consideration he was receiving for cooperating. But nothing in Exhibit B suggests that the affiant himself had a high degree of awareness that his omissions might

MEMORANDUM DECISION AND ORDER - 8

mislead the magistrate judge. Moreover, the government argues that, by mentioning that a CI—not a citizen or anonymous tipster—provided the information about Moreno's dealing, the police put the judge on notice that the CI's information should be viewed with caution. Dkt. 29, at 7. The government argues that this is so because "[j]ailhouse informants can always be presumed to be looking for consideration in return for their information." *Garcia v. County of Merced*, 2011 WL 1680388, at *1212 (9th Cir. May 5, 2011). Though not all confidential informants are "jailhouse" informants, this argument is still persuasive. Most of the info Wade mentioned in the affidavit coming from the CI involved drug transactions, and, as the Seventh Circuit noted, a court can trust that warrant-issuing judges know that informants involved in drug transactions likely have criminal histories. *See Woodfork*, 999 F.3d at 517.

This presumption is even stronger because judges are not a rubber stamp for officers seeking search warrants. *See United States v. Leon*, 469 U.S. 897 (1984). Judges evaluating a warrant request can ask affiants to describe how a CI's "criminal history or motivations [are] relevant to [the] determination of probable cause." *Woodfork*, 999 F.3d at 517. But this did not happen here. Though Moreno would have liked Wade's affidavit to mention the CI's criminal history and consideration, the absence of this information doesn't show that Wade omitted that information to mislead the judge. Instead, the Court finds that Wade's omissions were negligent, at best. And negligence doesn't justify a *Franks* hearing. Evidence of mere omissions is not proof of reckless or intentional behavior.

That said, the omissions surrounding the CI's criminal history and consideration for information are a close call. Still, even if the Court were to find that Wade recklessly

MEMORANDUM DECISION AND ORDER - 9

omitted such, Moreno would still fail the second prong.

### B. Material Omission

Moreno fails to "satisfy the second requirement for a *Franks* hearing because none of the alleged omissions materially affect the probable cause determination." *Norris*, 942 F.3d at 910. "Probable cause to search a location exists if, based on the totality of the circumstances, a fair probability exists that the police will find evidence of a crime." *Id.* (internal citation omitted). The key to the material omission prong is whether probable cause remains once any omissions are supplemented. *Id.* "If probable cause remains, the defendant has failed to establish a material omission." *Id.*

Assuming that Moreno met his substantial preliminary showing that Wade's affidavit misleadingly omitted information about the CI's criminal history and consideration, the Court finds that including them in the affidavit doesn't change the probable cause calculus. "In making this evaluation, we consider the credibility of the informant, including his history of providing reliable information in previous investigations and any prior criminal convictions for crimes of dishonesty. *Martinez-Garcia*, 397 F.3d at 1216 (internal citations omitted). We also look at "whether the informant's information was bolstered by independent police investigation of the tip." *Id.* (cleaned up). With this in mind, the Court considers each omitted fact in turn.[3]

The CI's criminal history includes misdemeanor convictions for theft, giving false

---

[3] The Court only analyzes the omissions about the CI's criminal history, drug use, and his consideration for supplying the government with information. The Court has already dispatched the remaining alleged omissions while analyzing the first prong.

information to an officer, failing to purchase a driver's license, failing to provide vehicle insurance, and inattentive or careless driving. Dkt. 26-3, at 2. He has no felonies. *Id.* The misdemeanors for theft and providing false information to an officer—both crimes involving dishonesty—are the most glaring convictions undermining the CI's credibility. "Any crime involving dishonesty necessarily has an adverse effect on an informant's credibility." *Reeves*, 210 F.3d at 1045. Thus, "[i]n the absence of countervailing evidence to bolster the informant's credibility or the reliability of the tip, an informant's criminal past involving dishonesty is fatal to the reliability of the informant's information, and his/her testimony cannot support probable cause." *Id.*

Despite the CI's criminal history involving crimes of dishonesty, Wade's failure to include this information in his affidavit is not fatal, because the "affidavit had more than mere reliance on the informant's word." *Id.* The bulk of the affidavit detailed the police's independent investigation, which alone would produce probable cause. Their investigation began more than seven months before the CI became involved, and they had collected important evidence strongly suggesting Moreno engaged in drug dealing. The CI's testimony only plays a small role in supporting probable cause.

This fact is significant because the omissions relate entirely to the CI's credibility—they do not undermine the other evidence Wade presented. *See United States v. Meling*, 47 F.3d 1546, 1555 (9th Cir. 1995). In addition, the CI's information was ultimately corroborated by further police investigation. The supplied address and phone number turned out to be Moreno's, and the police followed Moreno to the Utah border on the day the CI said Moreno would be going to pick up drugs.

MEMORANDUM DECISION AND ORDER - 11

For these reasons, even if the affidavit had included the CI's criminal history, the magistrate judge had a substantial basis for finding probable cause justifying a warrant. *United States v. Nichols*, 786 F. App'x 624, 627 (9th Cir. 2019) (finding that officers gave magistrate ample information corroborating CI's statement).

The same can be said of the CI's past drug use and the consideration he received from the government. As the Court already mentioned, a CI involved in drug trafficking investigations who has a history of drug use is par for the course. *See Woodfork*, 999 F.3d at 517. The CI worked with the police for consideration on charges relating to two counts of delivery of a controlled substance, in this case, heroin. Dkt. 26-3. It also appears that charges weren't filed in two other instances involving a search warrant revealing the CI's possession of drugs and the CI renting a storage unit for a meth dealer. *Id.* But, as already explained above, even if this information exhibited the CI's self-interest, in the totality of circumstances, probable cause would exist, especially given the independent corroboration.

For these reasons, the Court finds that the omission of information about the CI's background, criminal history, and motive does not change the probable cause determination.

### IV. CONCLUSION

Moreno failed to meet his burden to receive a *Franks* hearing. While the omissions make Wade's affidavit far from a paragon, they do not thwart probable cause. The police spent almost an entire year investigating Moreno's alleged drug dealing, giving ample foundation for the magistrate to issue a warrant consistent with the Fourth Amendment.

## V. ORDER

THE COURT HEREBY ORDERS:

1. Moreno's Motion for a *Franks* Hearing and to Suppress (Dkt. 26.) is DENIED.

DATED: January 6, 2023

_____
David C. Nye
Chief U.S. District Court Judge