UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DONNY RAY MORENO,<br><br>    Defendant. | Case No. 4:22-cr-00027-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Donny Ray Moreno's Second Motion to Suppress. Dkt. 47. The government opposed the Motion (Dkt. 49) and Moreno replied (Dkt. 50). The matter is now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES the Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are

## II. BACKGROUND

The Court's previous Memorandum Decision and Order (the "Order") (Dkt. 32) thoroughly reviewed the factual background of this case. That factual background is hereby incorporated by reference. In the Order, the Court denied Moreno's Motion for a *Franks* Hearing and Motion to Suppress Evidence. *See generally Id.* Now Moreno, with the assistance of new counsel, has filed a Second Motion to Suppress (Dkt. 47), "assert[ing] his right to make a record of his argument regarding the lack of probable cause," and asking the Court to "consider the two [motions to suppress] as one." Dkt. 48, at 2.[2]

## III. LEGAL STANDARDS

### A. Reconsideration

While the Federal Rules of Criminal Procedure do not explicitly address motions for reconsideration, the Ninth Circuit has held parties may seek reconsideration in the criminal context. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). In both civil and criminal cases, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *United States v. Rodriguez-Vasquez*, 4 F. Supp. 3d 1146, 1156 (N.D. Cal. 2013).

Generally, reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or if

---

otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").
[2] Moreno filed his Motion (Dkt. 47) separately from the Memorandum in Support of the Motion (Dkt. 48). Thus, the Court will refer to both filings individually, as appropriate.

there is a change in law in the time between the district court's order and the movant's request for reconsideration. *Rodriguez-Vasquez*, 4 F. Supp. 3d at 1156 (quoting *Sch. Dist. No. 1J, Multnomah Cnty. Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). In addition, a district court has inherent authority to modify, alter, or revoke non-final orders. *United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990).[3]

**B. Suppression**

The Fourth Amendment imposes a probable cause standard to govern the issuance of warrants. U.S. Const. amend. IV; *see, e.g.*, *In re Grand Jury Investigation Concerning Solid State Devices, Inc.*, 130 F.3d 853, 856 (9th Cir. 1997). Probable cause for a search warrant is present where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). As a general rule, substantial deference is given to a magistrate judge's finding of probable cause. *United States v. Leon*, 468 U.S. 897, 914 (1984). However, "reviewing courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Id.* at 915 (quoting *Gates*, 462 U.S. at 239). Where a reviewing court finds that a warrant is not supported by probable cause, it typically must suppress the usage of evidence obtained under the warrant. *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 350 (1974) ("Suppression of the use of illegally

---

[3] Allowing reconsideration of non-final orders furthers the policy favoring judicial economy. *United States v. Jones*, 608 F.2d 386, 390 n.2 (9th Cir. 1979). The Supreme Court has indicated that it prefers reconsideration over appeal because plenary consideration of an issue by an appellate court ordinarily requires more time than is required if district courts have the opportunity to promptly correct their own alleged errors. *United States v. Dieter*, 429 U.S. 6, 8 (1976).

seized evidence against the search victim in a criminal trial is thought to be an important method of effectuating the Fourth Amendment.").

## IV. ANALYSIS

As an initial matter, the Court notes that it is somewhat confused by the present Motion. In its previous Order, the Court made clear that the magistrate judge's issuance of a warrant was supported by probable cause. *See* Dkt. 32, at 10–12. Moreno now raises a Second Motion to Suppress, arguing that his previous counsel did not respect his wishes regarding strategy choices, requesting a hearing, and advancing his "right to [argue] the lack of probable cause." Dkt. 48, at 2; Dkt. 50.[4] Because the Court has already denied Moreno's request for a hearing and addressed the probable cause issue, this Second Motion can be most readily understood as a Motion for Reconsideration of the Court's previous Order. Accordingly, the Court will analyze the Second Motion under a reconsideration framework. However, for the sake of clarity—and in hopes of avoiding future motions on this topic—the Court will also briefly address probable cause on its merits—again.

### A. Reconsideration

Because Moreno has not shown any change in law since the Court's previous order, and he does not purport to possess any evidence that could not have been presented with his prior motion, the Court reviews its prior Order for clear error and manifest injustice. *See Rodriguez-Vasquez*, 4 F. Supp. 3d at 1156 (quoting *Sch. Dist. No. 1J, Multnomah Cnty. Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). It finds neither.

---

[4] Whether such a right exists is doubtful, particularly where a defendant has already chosen to forego raising the argument in previous motions.

In *Brinegar v. United States*, the Supreme Court stated that questions of probable cause are, as implied by the name, questions of probability. 338 U.S. 160, 176 (1949). In *United States v. Cortez*, the Supreme Court elaborated that probable cause exists when the facts presented, considered in their entirety, "yield a particularized suspicion" of wrongdoing. 449 U.S. 411, 418 (1981).

As the Court previously explained, Detective Taylor Wade's affidavit provided substantial evidence that Moreno was involved with drug traffickers, that he possessed illicit drugs and packaging material, that he made regular out-of-state trips to obtain drugs, and that he was known (at very least to the confidential informant (the "CI")) as a distributor of drugs. Dkt. 26-2, at 4–5; Dkt. 32, at 2–3. The collective weight of these facts certainly yields a particularized suspicion and a fair probability that Moreno was involved in the trafficking of controlled substances. Further, the Court finds that these facts created a fair probability that evidence of Moreno's criminal activity could be found via real-time tracking of his phone. Accordingly, the Court does not find the Order to be clearly erroneous nor manifestly unjust.

**B. Suppression**

To the extent Moreno's Second Motion can be construed as an independent suppression motion, it fails for essentially the same reasons described above and in the Court's previous Order.

The Court does not find that the statements from the CI were devoid of credibility, particularly not those statements that were independently corroborated. However, as the Court previously explained, even if the CI's statements were self-interested, the findings from the robust police investigation into Moreno's criminal activity and the corroboration of

significant assertions from the CI are sufficient to create a fair probability of wrongdoing on the part of Moreno. No hearing is necessary to resolve that question.

The Court reiterates what it already explained: a *Franks* hearing (or a motion to suppress based upon a challenge to an affidavit) may proceed if the defendant makes a preliminary showing that the affiant made intentional, false, or misleading statements or omissions. *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019). Notably, allegations that the affiant's statements were negligent or reckless will not suffice. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Moreno has failed to make the necessary showing. Accordingly, the Court again denies his motion.

## V. CONCLUSION

The basis upon which Moreno brings his Second Motion to Suppress is unclear. Understood as a Motion for Reconsideration, the Court finds that it did not commit clear error nor create manifest injustice with its previous Order. Therefore, it DENIES Moreno's Motion. Alternatively, if the Second Motion is understood as an independent Motion to Suppress, it is still DENIED because the Court finds again that the magistrate judge's issuance of a search warrant was supported by probable cause and the affiant's statements do not rise to a level requiring suppression.

///

///

///

## VI. ORDER

The Court HEREBY ORDERS:

1. Moreno's Second Motion to Suppress (Dkt. 47) is DENIED.

DATED: November 6, 2023

_____
David C. Nye
Chief U.S. District Court Judge